United States District Court

For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NEWELL L. deROCHE, | No. C-06-0865 MMC |
| Plaintiff, | **ORDER GRANTING UNITED HEALTHCARE'S MOTION FOR SUMMARY JUDGMENT; VACATING HEARING** |
| v. | |
| UNITED HEALTHCARE, | |
| Defendant / | (Docket No. 15) |

    Before the Court is defendant United Healthcare's motion for summary judgment, filed June 16, 2006, on the ground that plaintiff Newell L. deRoche's claims, all based on common law breach of contract, are preempted by the Employee Retirement Income Security Act of 1974 ("ERISA"). Plaintiff has filed opposition to the motion; defendant has filed a reply.[1] Having reviewed the papers filed in support of and in opposition to the motion, the Court finds the matter appropriate for decision without oral argument, see Civil L.R. 7-1(b), VACATES the July 28, 2006 hearing on the motion, and rules as follows:

    In the instant action, plaintiff seeks insurance benefits from defendant under the

---

[1] Plaintiff also has a filed a "Response" to defendant's reply. Pursuant to Civil Local Rule 7-3(d), however, and subject to an exception not relevant here, "once a reply is filed, no additional memoranda, papers or letters may be filed without prior Court approval." See Civil L.R. 7-3(d). As plaintiff did not seek or obtain Court approval to file his Response, the Response is hereby STRICKEN. Further, even if the Response had been properly filed, the Court's ruling on defendant's motion, as set forth below, would remain unchanged.

1 General Electric Pensioners Hospital Indemnity Plan ("Plan").[2]  For the reasons set forth by
2 defendant, the evidence is undisputed that the Plan is an employee welfare benefit plan
3 governed by ERISA.  See 29 U.S.C. § 1001(1). Consequently, as defendant argues, ERISA
4 preempts plaintiff's claims against defendant for breach of contract.  See, e.g., Pilot Life
5 Ins. Co. v. Dedeaux, 481 U.S. 41, 48 (1987) (holding ERISA preempts common law claims
6 for improper processing of claim for benefits under employee benefit plan); Aetna Health
7 Inc. v. Davila, 542 U.S. 200, 221 (2004) (holding state law claims based on improper denial
8 of benefits under ERISA plan preempted by ERISA); Bast v. Prudential Ins. Co. of America,
9 150 F.3d 1003, 1007 (9th Cir. 1998) (noting ERISA preempts state law contract claims
10 based on denial of benefits under ERISA plan).

11 Under ERISA, a plan participant may bring suit in federal court to recover benefits
12 due under an ERISA plan.  See 29 U.S.C. § 1132(a)(1)(B).  Although plaintiff states in his
13 opposition that he is "skeptical about relying on ERISA," (see Plaintiff's Response to
14 Defendant's Request for Summary Judgment at 2), the Court will afford plaintiff an
15 opportunity to amend his complaint to assert an ERISA claim, should he choose to do so.

16 Accordingly, for the reasons set forth above,

17 1. Defendant's motion for summary judgment on plaintiff's breach of contract claims
18 is hereby GRANTED.

19 2. Plaintiff is afforded leave to file an amended complaint to assert an ERISA claim.
20 Any such amended complaint shall be filed no later than August 25, 2006.  If plaintiff does
21 not file an amended complaint by August 25, 2006, judgment will be entered as set forth
22 above.

23 This order terminates Docket No. 15.

24 **IT IS SO ORDERED.**

25 Dated:  July 26, 2006

_____
MAXINE M. CHESNEY
United States District Judge

---

[2] Specifically, plaintiff seeks coverage for medical costs incurred by his now-deceased wife at Stanford Hospital from October 26, 2004 through October 28, 2004.

2